(130 So. 767)

### WILSON v. CITY OF DEMOPOLIS.

2 Div. 446.

Court of Appeals of Alabama.
Nov. 11, 1930.

L. R. Wilson, of Demopolis, for appellant.

W. F. Herbert, of Demopolis, for appellee.

BRICKEN, P. J.

The import of the judgment, from which this appeal was taken, is difficult if not impossible of ascertainment. This seems to be conceded by the respective parties, but we are asked by appellee to regard the numerous discrepancies, irregularities, and uncertainties as "typographical" errors, and order an affirmance. To accord to this insistence would

require the exercise, by this court, of a most unusual degree of conjecture, as well as stretch of imagination, the extent of which we think is beyond our power of accomplishment. As we see it, the judgment, by and through which the lower court has spoken, is uncertain, contradictory, inconsistent in its terms, and incapable of proper or safe execution according to the letter of its mandate.

The purported proceedings are quasi criminal and a term of imprisonment or hard labor upon appellant was attempted. The law is, the judgment and sentence of a court in a criminal case, operating to deprive a citizen of liberty, condemning him to involuntary servitude, must be certain and consistent in all its parts; this being an indispensable element of its validity. The purported judgment here, from which this appeal was taken, does not in any manner accord or comply with the rule stated. In it there is manifest confusion as to the parties involved in this proceeding. By the terms of said judgment it is difficult to ascertain whether the prosecution against appellant was by the state of Alabama for the violation of the laws of the state, or whether the city of Demopolis was complainant in the action. We are without authority, as we are requested to do, to remedy the apparent uncertainty and inconsistency. Without reference to extraneous facts it would be impossible so to do by any tribunal. The judgment aforesaid is a nullity and invalid upon its face and as a consequence will not support an appeal which will of necessity have to be dismissed.

The invalidity of the original affidavit, the basis of this prosecution, is here urged. But the questions involved in this connection do not appear to have been raised in the court below, hence are not presented for consideration.

Appeal dismissed.